J-S07042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAQUAZNE DUPREE MCCLENDON | : | |
| | : | |
| Appellant | : | No. 1050 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 18, 2020
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002249-2019

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MAY 17, 2021**

Appellant, Saquazne Dupree McClendon, appeals *nunc pro tunc* from the judgment of sentence entered in the Erie County Court of Common Pleas, following his guilty plea to persons not to possess a firearm.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On July 24, 2019, the Commonwealth charged Appellant with persons not to possess a firearm, firearms not to be carried without a license, recklessly endangering another person, possessing an instrument of crime, disorderly conduct, and driving while operating privilege is suspended or revoked.  In exchange for the Commonwealth agreeing to *nolle pros* the remaining counts,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

Appellant entered an open guilty plea on February 20, 2020, to persons not to possess a firearm.  On May 18, 2020, the court sentenced Appellant to 60 to 120 months' imprisonment.[2]  Appellant did not file a direct appeal.

On August 13, 2020, Appellant filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA"), and the court reinstated Appellant's direct appeal rights *nunc pro tunc* on August 18, 2020.  On August 28, 2020, the court also expressly reinstated Appellant's right to file post-sentence motions *nunc pro tunc*.  Appellant timely filed a post-sentence motion on September 3, 2020, which the court denied on September 25, 2020.  Appellant timely filed a notice of appeal *nunc pro tunc* on October 5, 2020.  On October 7, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied on October 19, 2020.  On December 7, 2020, counsel filed an application to withdraw and an **Anders** brief in this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).  **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

---

[2] The court also issued a revocation sentence of 3 to 12 months' imprisonment (to run concurrent to the 60 to 120 months' imprisonment Appellant received for the firearms offense) plus a consecutive 2 years' probation.  (**See** N.T. Sentencing Hearing, 5/18/20, at 11-14).

counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> *       *       *
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

- 3 -

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel has conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Accordingly, we proceed to an independent evaluation of the issues raised in the **Anders** brief. **See Palm, supra**.

Counsel raises the following issues on Appellant's behalf:

> Whether the trial court erred in denying Appellant's Motion to withdraw his guilty plea in his post sentence motion filed *nunc pro tunc*.

> Whether the trial court erred and abused its discretion in

- 4 -

sentencing Appellant to the maximum possible sentence allowable under the law under the circumstances.

Whether the trial court erred and abused its discretion when it sentenced Appellant to a sentence that ran consecutively to other sentences he was serving.

(**Anders** Brief at 5).[3]

---

[3] Appellant filed a *pro se* response to the **Anders** brief on December 17, 2020, also challenging his sentence and the entry of his guilty plea. Concerning his sentence, Appellant argues the court misinterpreted/misapplied the sentencing guidelines when it sentenced him to 60 to 120 months' imprisonment. Rather, Appellant maintains the "RFEL" sentencing guidelines called for "a minimum of 30 months and a maximum of 60 months on a mitigated sentence," and "48 months with a maximum sentence of 96 months" for an aggravated sentence. (Appellant's *Pro Se* Response at 2). Although Appellant appears to take issue with his **maximum** sentence as falling outside of the guidelines, "the sentencing guidelines provide for minimum and not maximum sentences." **Commonwealth v. Boyer**, 856 A.2d 149, 153 (Pa.Super. 2004), *aff'd*, 586 Pa. 142, 891 A.2d 1265 (2006).

Concerning his guilty plea, Appellant phrases his issue as follows: "…Counsel…has mentioned that [A]ppellant has signed a 'Defendant's Statement of Understanding of Rights' form, but does not show where Appellant was notified of his absolute right to not plead guilty at the pursuing sentencing hearing where the sentence was not yet imposed. In this circumstance, Appellant's decision to plead guilty at the sentencing hearing is not substantiated by the knowingly and intelligently standard." (Appellant's *Pro Se* Response at 2). To the extent Appellant attempts to raise an ineffective assistance of counsel claim, this issue must wait to be addressed on collateral review. **See Commonwealth v. Grant**, 572 Pa. 48, 813 A.2d 726 (2002) (explaining general rule that petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review). To the extent Appellant is challenging the court's colloquy, the record confirms Appellant's plea was knowing, intelligent, and voluntary, for the reasons we discuss *infra*. **See also** Pa.R.Crim.P. 590, *Comment* (explaining that nothing in Rule precludes use of written colloquy that is read, completed, signed by defendant, and made part of record of plea proceedings, so long as written colloquy is supplemented by some oral examination).

In his first issue, Appellant argues the trial court should have granted his post-sentence motion to withdraw his guilty plea because his plea was not knowingly, intelligently, or voluntarily entered. Appellant contends that plea counsel led him to believe that his prior record score was a "3" and that he would receive a sentence in the 42-to-54-month range.[4] Instead, Appellant stresses that he received the much higher sentence of 60 to 120 months' imprisonment because his actual prior record score was "RFEL." Appellant concludes he is entitled to some form of relief. We disagree.

As a general rule, the entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and legality of the sentence. *Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super. 2010). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice

_____

[4] Again, to the extent this issue purports to challenge counsel's effectiveness, it must await collateral review. *See Grant, supra*. Our Supreme Court has recognized two very limited exceptions to the general rule in *Grant* regarding when trial courts may review ineffective assistance of counsel claims: (1) in extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice and/or (2) where there is good cause shown and review of the claim is preceded by a waiver of the right to seek collateral review. *Commonwealth v. Holmes*, 621 Pa. 595, 598-99, 79 A.3d 562, 563-64 (2013). Ineffectiveness claims may be raised on direct appeal only if: (1) the appellant raised his claim(s) in a post-sentence motion; (2) an evidentiary hearing was held on the claim(s); and (3) a record devoted to the claim(s) has been developed. *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super. 2006). Here, Appellant failed to satisfy the requirements of *Holmes* and *Leverette*. Therefore, this appeal is not the proper time to raise or address any ineffectiveness of counsel claim.

before withdrawal is justified." **_Commonwealth v. Pantalion_**, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." **_Id._** (quoting **_Commonwealth v. Muhammad_**, 794 A.2d 378, 383 (Pa.Super. 2002)). The Pennsylvania Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **_Commonwealth v. Hodges_**, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. **_Commonwealth v. Watson_**, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. **_Muhammad, supra_**. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **_Commonwealth v. Rush_**, 909 A.2d 805 (Pa.Super. 2006).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. **Commonwealth v. Pollard**, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Id.** at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." **Id.** at 524.

Instantly, on February 20, 2020, Appellant executed a written guilty plea colloquy fully communicating his decision to plead guilty. In the written colloquy, Appellant acknowledged the voluntariness of his plea and recognized the rights he was relinquishing by pleading guilty, including his right to a trial by judge or jury and his right to ensure the Commonwealth met its burden of proof. Significantly, in the written colloquy, Appellant acknowledged the following: "I understand that the maximum sentence for the crime(s) to which I am pleading guilty/no contest is Count 1: $25,000/10 years...." (Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea at 1 unpaginated). Appellant further acknowledged: "I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest." (**Id.**)

On the same day, Appellant engaged in an oral guilty plea colloquy before the court. During the oral colloquy, Appellant affirmed his decision to plead guilty and acknowledged his understanding of the plea agreement and his potential sentence. Under the totality of these circumstances, Appellant entered a knowing, voluntary, and intelligent guilty plea. ***See Rush, supra***; ***Muhammad, supra***. Therefore, the court properly denied Appellant's post-sentence motion seeking to withdraw his guilty plea.

In his second and third issues, Appellant challenges the sentence he received. Appellant contends the trial court abused its discretion in sentencing him to 60 to 120 months' imprisonment, the "maximum possible sentence allowable under the law under the circumstances." (***Anders*** Brief at 7). Appellant also argues the court abused its discretion in sentencing him to a sentence that "ran consecutively to other sentences he was serving." (***Id.***) Appellant concludes he is due some form of relief. As presented, Appellant's claims challenge the discretionary aspects of his sentence.[5] ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal*

_____

[5] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's guilty plea did not include a negotiated sentence.

*denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal

furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather

- 11 -

than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted).

Instantly, Appellant raised his sentencing issues in a post-sentence motion and filed a timely *nunc pro tunc* notice of appeal. Although Appellant failed to include the requisite Rule 2119(f) statement, we can overlook counsel's error in light of the filing of an *Anders* brief in this case. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (noting *Anders* requires review of issues otherwise waived on appeal to determine their merit in order to rule on counsel's request to withdraw). Further, the Commonwealth did not object to this deficiency. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa.Super 2004) (stating: "[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate…").

Nevertheless, Appellant's bald allegations of excessiveness and challenge to the imposition of consecutive sentences do not raise substantial questions warranting our review. *See Mouzon, supra*. *See also Austin, supra*. Following our independent review of the record, we confirm the appeal is wholly frivolous. *See Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2021